UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMETRA BINDER, ANGELA WALDNER, JOELLEN BARRACLOUGH and JENNIFER MCCALL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>MICHAEL KORS (USA), INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>    Defendant. | Case No.: 1:23-cv-03941 (DEH) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

## I. Introduction

Plaintiffs Demetra Binder, Angela Waldner, Jennifer McCall, and JoEllen Barraclough (collectively, "Plaintiffs") hereby respectfully move the Court to enter a final judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), with respect to Plaintiff Waldner's claims under New York General Business Law ("NY GBL") §§ 349 and 350. In support of this Motion, Plaintiffs submit as follows.

## II. Legal Standard

Fed. R. Civ. P. 54(b) provides that a District Court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Second Circuit has held that Rule 54(b) authorizes entry of a partial final judgment "only when three requirements have been satisfied: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express [ ] determin[ation] that there is no just reason for delay." *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting Fed. R. Civ. P. 54(b), and citing *Grand River Enters. Six Nations Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005)). The first two requirements address whether Rule 54(b) applies to the circumstances of the case, while the third is left to the discretion of the district court to be exercised in the interest of sound judicial administration. *See Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Notably, the mere granting of a motion to dismiss is not sufficient to constitute a final judgment for appellate purposes. *Carrier v. Bradley*, 487 Fed. Appx. 678, 680 (2d Cir. 2012) (noting that a district court must *both* direct entry of judgment *and* expressly determine that

there is no just reason for delay for purposes of certifying a final judgment). The Second Circuit has "repeatedly held" that when making the required "express determination," the district court "should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." *Guippone v. Bay Harbour Management, LLC*, 434 Fed. Appx. 4, 6 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir.1991)). Finally, Rule 54(b) certification is appropriate where "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Betancourt v. Giuliani*, 30 Fed. Appx. 11, 12 (2d Cir. 2002).

### III.   Relevant Background

On August 7, 2023, Plaintiffs filed their First Amended Complaint ("FAC") with each Plaintiff seeking remedies and relief under their respective state's consumer protection statute. *See* ECF No. 22, ¶¶ 94, 108, 117, 140. On September 11, 2023, Defendant moved to dismiss each claim, arguing, *inter alia*, that each Plaintiff failed to allege a sufficient economic injury to confer standing under their respective statutes. *See* ECF No. 26 ("MTD"), at 15.

On June 28, 2024, the Court dismissed Plaintiff Waldner's claims under NY GBL §§ 349 and 350 with prejudice, reasoning that each form of the three theories of economic injury she and the other Plaintiffs advanced—purchase price, benefit-of-the-bargain, and price premium— failed to establish an economic injury under the NY GBL sufficient to confer statutory standing. *See* ECF No. 32 ("Order") at 6-9.[1] However, this Court, sustained Plaintiff McCall's claims under California state law, reasoning that the benefit-of-the-bargain and price premium theories were recognized under relevant Ninth Circuit authority. *See* Order at 12-13 (discussing *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013) and *McGee v. S-L Snacks Nat'l*,

---

[1] Plaintiffs do not seek Rule 54(b) certification of Plaintiff Binder's dismissed claims under New Jersey law. Those claims are therefore irrelevant to this analysis. Fed. R. Civ. P. 54(b).

2

982 F.3d 700, 706 (9th Cir. 2020)). Likewise, Plaintiff Barraclough's claim under the Oregon Unlawful Trade Practices Act ("UTPA") was sustained because "[t]he Oregon Supreme Court has recognized a purchase price theory of ascertainable loss." Order at 14 (citing *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 25 (2015); *Walters v. Vitamin Shoppe Indus.*, 701 F. App'x 667, 670 (9th Cir. 2017)).[2]

### IV.    Argument

The **first Rule 54(b) factor** is easily satisfied here. The FAC was a multistate class action complaint involving multiple separate and discrete state law claims and parties. Because of this, each Plaintiff could have elected to seek enforcement of her claims in separate actions and jurisdictions. *See Rieser v. Baltimore and Ohio Railroad Company*, 224 F.2d 198, 199 (2d Cir. 1955) (In the Second Circuit, "[t]he ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced.").[3] Instead, Plaintiffs combined their claims

---

[2] As the Court correctly noted, "[t]o establish an UTPA violation, a plaintiff must show that '(1) the defendant committed an unlawful trade practice; (2) plaintiff suffered an ascertainable loss of money or property; and (3) plaintiff's injury (ascertainable loss) was the result of the unlawful trade practice.'" Order at 14 (quoting *Pearson*, 361 P.3d at 28).

[3] "Claims are normally treated as separable within the meaning of that Rule if they involve at least some different questions of fact and law and could be separately enforced … or if 'different sorts of relief' are sought[.]" *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 21 (2d Cir. 1997) (internal citations omitted). *See also United States v. Kocher*, 468 F.2d 503, 509 (2d Cir. 1972) ("The test [is] whether or not there are a number of different claims which could have been separately enforced."). Indeed, the Supreme Court has rejected the concept that there could not be multiple claims arising from a single occurrence or transaction. *See Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 452 (1956) ("If the District Court certifies a final order on a claim which arises out of the same transaction and occurrence as pending claims, and the Court of Appeals is satisfied that there has been no abuse of discretion, the order is appealable."). "[W]henever more than one claimant requests relief . . . regardless of the factual similarity of the claims, a final judgment may be rendered under Rule 54(b) on one or more but fewer than all of the claims since each plaintiff's claim or rights as to each defendant could have been enforced separately." 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2657 (4th ed.).

in a single action so as to preserve party and judicial resources. For that reason, the parties and claims dismissed by the Order are completely separate from the parties and claims that survived. This is not a situation where two plaintiffs were asserting the same legal claims, but one of them was dismissed; nor is it a situation where one plaintiff was asserting two claims, and one claim was dismissed. Rule 54(b) certification would admittedly be harder to justify in those circumstances. *See generally* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2656 (4th ed.) (discussing when a judgment under Rule 54(b) can be entered).

Nor is it of any consequence that the factual predicate for Plaintiffs' claims under each of their respective state consumer laws is Defendant's allegedly uniform practice of falsely discounting its outlet merchandise. This is because, as this Court astutely recognized, the allegations necessary "[t]o plead an injury under NY GBL § 349 or § 350"[4] differ markedly from what Ninth Circuit courts requires to sustain a claim under the UCL, FAL, CLRA, or UTPA. *See* Order at 13-14. Indeed, Plaintiffs' allegations surrounding their three theories of economic injury—purchase price, benefit-of-the-bargain, and price premium—are sufficient to confer statutory standing under the latter claims but not the former. Accordingly, Plaintiffs cannot envision any circumstance where this Court might have reason to revisit or revise the Order dismissing Plaintiff Waldner's claims under NY GBL §§ 349 and 350 in connection with the continued litigation of Plaintiff McCall's California claims and Plaintiff Barraclough's Oregon claim. Nor can any scenario arise where the opinion of the Second Circuit on Plaintiff Waldner's appeal has any impact on Plaintiffs McCall and Barraclough's claims moving forward here.

---

[4] "[A] plaintiff must allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase." Order at 6. (quoting *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015)).

4

The **second Rule 54(b) factor** is also easily satisfied. A final decision generally is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Microsoft Corp. v. Baker*, 582 U.S. 23, 43 (2017) (quoting *Catlin v. U.S.*, 324 U.S. 229, 233 (1945)). Moreover, the Supreme Court has noted "dismissal of a complaint, without leave to amend, ha[s] the hallmarks of a final decision." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 414 (2015). Here, Plaintiff Waldner's claims were finally decided because they were dismissed without leave to amend. Order at 23. Additionally, this Court determined that amendment would have been futile since Plaintiff Waldner "do[es] not appear to be able to correct the deficiencies concerning [her] New York [] state claims, because [her] theories of economic injury are not cognizable under the NY GBL[.]" *Id.*

With respect to the **third Rule 54(b) factor**, there is no just reason for delaying Plaintiff Waldner an appeal. In assessing whether there is "no just reason for delay," courts consider two principles: (i) judicial administrative interests so as to maintain efficiency and avoid piecemeal appeals on interrelated issues, and (ii) the equities involved, specifically whether "postponing appeal until after a final judgment . . . will cause unusual hardship or work an injustice." *Gonzalez v. Cnty. of Suffolk*, No. 09-CV-1023 (ST), 2022 WL 4648492, at *2 (E.D.N.Y. Sept. 30, 2022).

As an initial matter, Plaintiffs submit that it would be unjust to, in essence, punish Plaintiff Waldner with years of delay for her deliberate consideration of consolidating her claims into a single action for the sake of efficiency and the conservation of judicial resources.

Still, there are several practical considerations that strongly support Rule 54(b) certification for the purpose of judicial efficiency and conserving court resources. First, if certification is denied, the requisite entry of final judgment on the remainder of the action for

Plaintiff Waldner to appeal will likely take at least two years, and perhaps many more. Of course, final judgment would likely come soonest if Defendant successfully moves for summary judgment on the remaining claims—though even this will almost certainly take more than a year or two and would still entail significant discovery and expert work.

However, if Defendant's future motion for summary judgment is denied and the remaining claims must be tried before Plaintiff Waldner can appeal this dismissal, both sides and the Court will inevitably spend substantial resources in time and cost to perform additional, duplicative discovery and expert work related to class certification and liability issues. Accordingly, an entry of final judgment on the NY GBL claims now would—assuming a successful appeal—permit Plaintiff Waldner to "rejoin" this litigation, and in doing so take better advantage of any overlapping discovery and expert work on those issues.[5]

---

[5] For instance, all claims (CA, OR, and NY) would all likely benefit from the same opinion by a materiality expert, consumer perception expert, as well as an industry expert, who might opine on the relative similarities and differences between Michael Kors outlet merchandise and that of other brands. It is also worth noting that the fact that the evidentiary showing necessary to prove liability under NY GBL § 349 and § 350 overlaps with the surviving California and Oregon claims does not render Rule 54(b) certification of Plaintiff Waldner's claims inappropriate. (For instance, all claims will require proof that the advertised discounts were misleading and material to the reasonable consumer.). Indeed, the Second Circuit has instructed that "when the claims are 'separable' or 'extricable' from each other, there is generally no reason to disturb the district court's exercise of discretion [in granting Rule 54(b) certification]." *Ginett*, 962 F.2d at 1096. Notably, there is "always an underlying interrelatedness of the claims between the parties in a multiparty civil action … However, this interrelatedness cannot, in itself, 'inextricably intertwine' the claims so as to preclude appellate review; otherwise, every multiparty case (and virtually every multiclaim case) would elude the entry of a rule 54(b) judgment, and rule 54(b) would be meaningless." *Id.* at 1095-96 ("[N]ow that the garden-variety civil complaint often involves multiple claims and/or multiple parties, we cannot, as the Supreme Court has recognized, hide behind the old 'infrequent harsh case' chestnut.").

Here, the issues decided by this Court regarding Plaintiff Waldner's NY GBL § 349 and § 350 claims are demonstrably separable (and indeed inapplicable) to the surviving California and Oregon claims. As discussed above, the requisite economic injury allegations for statutory standing under the NY GBL are considerably stricter and are, importantly here, analyzed under completely different circuit appellate law (Second) than the latter claims (Ninth). Thus, because Plaintiff Waldner's prospective appeal concerns wholly discrete legal issues relevant only to her

Plaintiffs submit that the alternative approach, in which Plaintiff Waldner does not get the benefit of this common discovery and expert work, would be unnecessarily burdensome and inefficient. *See Lombard v. Econ. Dev. Admin. of Puerto Rico*, No. 94 CIV. 1050 (BSJ), 1998 WL 273093 (S.D.N.Y. May 27, 1998) (granting a 54(b) motion to, *inter alia*, "prevent a duplicative trial and/or duplicative discovery"); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (finding no just reason for delay exists "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims"); *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed ... to secure the just, speedy and inexpensive determination of every action").

In addition to promoting judicial efficiency, Rule 54(b) certification would provide the New York class members with a quicker and more efficient avenue to re-toll the statute of limitations for their claims. Tolling of class claims applies to "all those who are asserted to be members of the class for as long as the class action purports to assert their claims." *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir.2007) (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974)). However, "[t]olling terminates when it is no longer objectively reasonable for absent class members to rely upon the putative class action to vindicate their rights …" *Bermudez Chavez v. Occidental Chem. Corp.*, 158 N.E.3d 93, 103 (2020). *Accord. Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 116 (2d Cir. 2013) ("*American Pipe* tolling does not extend beyond the denial of class status.").

---

statutory standing under NY GBL § 349 and § 350, nothing occurring in the continued litigation of the California and Oregon claims here will have any effect on Plaintiff Waldner's appeal and vice versa. In other words, the Second Circuit will not subsequently "have to reach the merits of one or more of the claims not appealed." *Id.* Nor will a subsequent decision on the remaining claims in this case render the Second Circuit's decision advisory or moot. *Id.*

Here, the Court has dismissed Plaintiff Waldner's claims and denied leave to amend. Order at 23. Therefore, class members can no longer reasonably rely on her class action to pursue their rights and the statute of limitations on any relevant claims is no longer tolled—even though there is currently no final order a class member could appeal.[6] Plaintiffs recognize that a Rule 54(b) certification of Plaintiff Waldner's claims would not automatically recommence tolling of the New York class members' NY GBL claims; it would quicken the appeal process, which, if successful, would re-toll those claims. However, as it stands, it is unlikely that any former New York class member will bring their own claims in response to Defendant's false discounting scheme, as the precedent set by the Order would make such a claim unlikely to succeed. Thus, while a future plaintiff could take the issue up on appeal and obtain a reversal, or perhaps better plead her allegations of economic injury sufficient to confer standing under the NY GBL, by the time that occurs (if it ever does), it is likely that a good portion of the former New York class members will be time-barred and outside the relevant class period.

Finally, the fact that the New York class (three-year statute of limitations) is significantly larger than the surviving Oregon class (one-year statute of limitations), may also support permitting an immediate appeal. *See generally Topps Co. v. Cadbury Stani, S.A.I.C.*, No. 99 CIV. 9437 (CSH), 2006 WL 3247360 (S.D.N.Y. Nov. 7, 2006) (finding that the dismissed claims being larger than the remaining claims supported an immediate appeal). Prior to 1938, Plaintiffs Waldner's and Barraclough's claims would have required separate actions (from which it would go without question that dismissal of Plaintiff Waldner's NY GBL claims would be immediately appealable). *Ginett*, 962 F.2d at 1093. However, the current framework of

---

[6] *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1382 (11th Cir. 1998) ("[T]olling should end when the district court denies class certification, not after the appeals process has run and some later final order is entered.").

8

"liberal joinder [rules] avoids duplication of time and effort … [but] it also tends to increase the length and complexity of civil actions." *Id.* Accordingly in *Ginett*, the Second Circuit counseled against "[r]etaining the rigid 'single judicial unit theory' of appealability [that] would have created a serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered." *Id.* (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

For these reasons, this Court should find there is no just reason for delaying entry of final judgment.

## V.    Conclusion

All three of the Fed. R. Civ. P. 54(b) factors are satisfied and certification of final judgment over Plaintiff Waldner's New York claims is appropriate.

Dated: July 19, 2024                                            **LYNCH CARPENTER LLP**

By:    */s/ Scott G. Braden*
            Scott G. Braden (*pro hac vice*)
            scott@lcllp.com
            Todd D. Carpenter (*pro hac vice forthcoming*)
            todd@lcllp.com
            1234 Camino del Mar
            Del Mar, California 92014
            Telephone:    619.762.1910
            Facsimile:    619.756.6991

            Gary F. Lynch (NY 5553854)
            gary@lcllp.com
            1133 Penn Ave., 5th Floor
            Pittsburgh, PA 15222
            Telephone: 412.322.9243

            *Attorneys for Plaintiffs and
            Proposed Class Counsel*