UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMETRA BINDER, ANGELA WALDNER, JOELLEN BARRACLOUGH and JENNIFER MCCALL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL KORS (USA), INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 1:23-cv-03941 (DEH) |

**[PROPOSED] ORDER OF FINAL JUDGMENT**

The Court entered its order dismissing Plaintiff Waldner's claims and denying her leave to amend on June 28, 2024. *See* Dkt. No. 32. Having expressly determined that there is no just reason for delay, final judgment is hereby entered in favor of Defendant Michael Kors (USA), Inc., as to Plaintiff Angela Waldner's claims under New York General Business Law §§ 349 and 350.

Dated this 9th day of December, 2024    _____

HON. DALE E. HO
UNITED STATES DISTRICT JUDGE

Plaintiff Waldner's motion for Partial Final Judgment is unopposed. See ECF No. 38. The Court finds that Plaintiff Waldner's "claims on appeal are sufficiently separable and unrelated to the claims remaining to be adjudicated," *Gonzalez v. Cnty. of Suffolk*, No. 09 Civ. 1023, 2022 WL 4648492, at *4 (E.D.N.Y. Sept. 30, 2022), because they are brought under a different state's statutes (New York) with different legal standards than the remaining Plaintiffs' claims (which are brought under California and Oregon law). Notwithstanding the different legal standards underlying the Plaintiffs' respective claims, the facts are essentially identical, and expert discovery is similarly expected to be essentially the same for each Plaintiff's claims. See ECF No. 36 at 7. If an appeal is resolved in Plaintiff Waldner's favor, there is the possibility that she might rejoin this litigation prior to trial (if there is any). "Accordingly, granting certification now would promote judicial economy and is fair to all parties in the action." *Gonzalez*, 2022 WL 4648492, at *4.